Certiorari. The record after stating in the usual form the *Page 47 
names of the parties, plaintiff and defendant below, was as follows: "Action on breach of contract. Summons issued, c." Judgment was rendered on the day to which the writ was returnable, in favor of the plaintiff by default, for the sum of $25.89 and costs. Afterward the defendant appeared and applied to have the judgment by default opened and for a trial of the case by referees which was granted, and which resulted in a report and judgment in favor of the plaintiff for $25.00 and $2.26 costs.
The only error assigned was that the record did not disclose the fact that the cause of action in the case was within the jurisdiction of a Justice of the Peace.
Higgins, for the Plaintiff: The record did not state the cause of action with the degree of certainty and precision required by the statute defining the jurisdiction of Justices of the Peace. The cause of action as stated in it, was for a breach of contract simply, but nothing as to the nature or terms of the contract, or what the contract was, or what it was for, or what it was about, or anything concerning it, from which it could be known whether it was, or was not within the jurisdiction of a Justice of the Peace. For aught that appeared from the record, it might have been either a written or verbal contract for the purchase of real estate, or any other matter clearly beyond and above the jurisdiction of such a magistrate.
T. F. Bayard, for the Defendant: The subsequent appearance and application of the defendant below, to take off the judgment previously entered by default against him and for a trial by referees, and having had such a trial at his own instance before referees, in which he had a full opportunity to ascertain, and doubtless did ascertain, all about the plaintiff's demand against him, as well as to exhibit and disclose all his evidence and every defence which he had against it, would operate, he apprehended, not only as a waiver of all objection on his part to the proceeding of the justice and referees in the case and the judgment afterward *Page 48 
rendered against him, but also imported and implied upon the record that he had full notice, and knowledge by that time of the specific character and substance of the contract for the breach of which he was sued, and which involved a constructive admission at least, on his part, that it was within the jurisdiction of the Justice of the Peace.
By the Court; The statute not only requires that the cause of action, which in this case included the subject or substance of the contract, for the breach of which the action was brought, should have been stated in the record, as the jurisdiction of Justices of the Peace is special and limited with reference to contracts, as well as other causes of action, but also the sum demanded in consequence of the breach of it, should have been stated, which was not done.
 Judgment reversed. *Page 49